BLD-268                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3389
_____

JOSEPH KNAUSS,
                                        Appellant

v.

SALINA SACHETTI; KELLY L. BANACH, ET AL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-17-cv-03702)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 19, 2018
Before:  RESTREPO, BIBAS and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 2, 2018)
_____

OPINION[*]
_____

PER CURIAM

    Joseph Knauss appeals from the District Court's orders dismissing his complaint

and denying reconsideration.  We will affirm.

I.

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Knauss is a Pennsylvania state prisoner. Proceeding pro se and in forma pauperis, he filed this civil action under 42 U.S.C. § 1983 against Salina Sachetti, a court reporter, and the Honorable Kelly L. Banach, a Pennsylvania state-court judge.

Knauss alleged that, for a period of one month in 2016, Sachetti "continued" to enter his cell where she punched and kicked him and forced him to have sex with her. Knauss further alleged that Judge Banach "conspired" with Sachetti and "covered up" her alleged assaults. Judge Banach filed a motion to dismiss arguing, among other things, that Knauss failed to plead any specific conduct by her. Knauss responded with an "Amended Complaint/Addendum" in which he alleged for the first time that Judge Banach personally participated in the assaults as well.

By separate orders entered October 18, 2017, the District Court granted Judge Banach's motion to dismiss and then dismissed the entire action with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it concluded that Knauss's factual allegations were fantastical or delusional. Knauss filed a motion for reconsideration, which the District Court denied. Knauss appeals.

## II.

We will affirm. District Courts are required to dismiss in forma pauperis complaints that are frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). In determining whether complaints are frivolous, District Courts can and should reject factual allegations that are "fanciful," "fantastic," or "delusional" and that "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. On the other hand, District Courts may not reject factual allegations merely because they are "unlikely" or "improbable." Id.

2

We agree with the District Court that Knauss's allegations fall within the first category. In the absence of any details beyond the cursory allegations summarized above, it is wholly incredible that a court reporter and a judge could or would enter an inmate's maximum-security cell[1] numerous times over a period of one month to physically and sexually assault him. Knauss's numerous filings in the District Court and on appeal provide no reason to believe that he could provide such details if given another chance. To the contrary, none of his filings on appeal even mentions the substance of his claims, and most of those filings are themselves largely delusional.

Knauss does raise some non-frivolous arguments on appeal, but they lack merit. He argues that the District Court should not have dismissed his complaint as frivolous because the District Court did not deem it entirely frivolous on its initial screening and because Sachetti never answered his complaint or filed a motion to dismiss. District Courts, however, are authorized to dismiss frivolous complaints "at any time." 28 U.S.C. § 1915(e)(2). Knauss also argues that the District Court did not accept his factual allegations as true. As explained above, however, District Courts need not and should not accept as true factual allegations that are wholly incredible, and Knauss's allegations are of that kind.

III.

---

[1] Knauss alleges that he was housed at both SCI-Houtzdale and SCI-Graterford during the alleged assaults, but he appears to allege that they occurred only at SCI-Graterford. SCI-Graterford is being phased out, but it was a maximum security prison. If Knauss is alleging instead that these assaults occurred at both SCI-Graterford and SCI-Houtzdale, of course, then his allegations would be even more incredible.

For these reasons, we will affirm the judgment of the District Court. Knauss is advised that the District Court's dismissal of his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) counts as a "strike" for purposes of 28 U.S.C. § 1915(g). Knauss's motions are denied.[2]

---

[2] Most of Knauss's motions request copies of various docket sheets and District Court documents from some of his other cases. Our Clerk already has provided him with a copy of our docket sheet as a courtesy, and the District Court documents he requests are irrelevant to any issue on appeal.